**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | :**CASE NUMBER:3:18-CR-49-001-CAR-CHW** |
| | : |
| **KYLE LAMAR MYERS,** | : |
| | : |
| **Defendant.** | : |

## MOTION FOR DISCOVERY AND INSPECTION
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

NOW COMES Kyle Myers, the accused herein, by and through undersigned counsel, and respectfully requests the Court, pursuant to Fed.Rs.Cr.P. 12 and 16, 18 U.S.C. §§ 2500 et seq. and 3500, the Fifth and Sixth Amendments to the Constitution of the United States, and any other applicable rules or authorities cited herein, for an Order directing the United States to produce to and permit the accused and defense counsel to inspect, copy or photograph each of the following which are now known to, or in the possession of, the government, or any of its agents, or which through due diligence would or could become known to the government, its officers, agents, witnesses or any persons having knowledge of this case:

### DISCOVERY REQUESTS

Defendant requests an Order pursuant to Fed.R.Cr.P. 16(a)(1)(A), ordering disclosed to the defense any and all statements, confessions or admissions, made by or purported to have been made by the accused, whether written or oral, electronically recorded, subsequently reduced to writing or summarized in officers' reports or copies thereof, within the possession, custody or control of the

government, the existence of which is known, or through the exercise of diligence may become known, to the attorney for the government, or any agents thereof, including, but not limited to, any statement whatsoever of this Defendant that the government intends to offer at trial.

This request also includes statements made to witnesses, other than law enforcement officers, at any time while the accused was in custody or "being detained", or interviewed by government agents, or statements made to any person acting on behalf of or at the instigation of the government after this Defendant was arrested, was detained, or under investigation, or as of the time formal criminal proceedings were instituted against the accused.

Such evidence shall include, but shall not be limited to:

a)      any and all statements made by the defendant in writing after the indictment;

b)      any and all statements made by the defendant in writing prior to the indictment;

c)      any and all statements made by the defendant which were tape recorded (either audio or visual) prior to or after the indictment;

d)      any and all statements made by the defendant to or overheard by any law enforcement officer or other agent of the government after the indictment which were the subject of a verbatim or summarized report or written memorandum by the officer or agent;

e)      any and all oral statements made by the defendant to or overheard by any law enforcement officer or other agent of the government prior to the indictment which were the subject of a verbatim or summarized report or written memorandum by said officer or other agent of the government;

f)      any written report summarizing or transcribing any tape recorded conversation including that of this defendant, regardless of whether or not the conversation occurred prior to or

after this defendant's indictment;

g)      any and all grand jury testimony by this defendant;

h)      any and all oral statements made by this defendant or overheard by any law enforcement officer or other agent of the government after the indictment which were the subject of a verbatim or summarized report or written memorandum either by the person hearing the statements or by a law enforcement officer or other individual receiving the recital of this defendant's statements;

i)      any and all oral statements made by this defendant to or overheard by a person other than a law enforcement officer prior to the indictment which are relevant to the above entitled matter and which were the subject of a verbatim or summarized report or written memorandum, either by the person hearing the statements or by a law enforcement officer or other individual receiving the recital of any of this defendant's statements.

In support thereof, the defense relies upon the express language of Rule 16, as well as United States v. Noe, 821 F.2d 604 (11th Cir. 1987). A new trial was ordered when the government withheld a tape-recorded conversation of the defendant, which was used at trial to cross-examine the defendant on his alibi defense. See also, United States v. Camargo-Vergara, 26 F.3d 1075 (11th Cir. 1994) (reversal required even where inadvertent discovery violation prejudiced the defense.)

Moreover, in support of the latter request, this defendant cites Fed.R.Cr.P. 16(a)(1)(C). This rule permits a defendant to inspect and copy books, papers, documents, and the like which are within the government's possession, custody and control and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.      2.

Ms. Merritt requests a copy of any criminal record pertaining to this defendant, pursuant to

Fed.R.Cr.P. 16(a)(1)(B).

3.

Pursuant to Fed.R.Cr.P. 16(a)(1)(C), Ms. Merritt requests that the government provide for the defense's inspection and copying all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof within the possession, custody or control of the government, and which are material to the preparation of this defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to this defendant, including the following:

(a)     any and all documents, recordings or surveillance records which evidence photographic (including still, video or movie camera), electronic, telephonic or consensual eavesdropping or surveillance of this Defendant or the Defendant's actions and/or conversations with any person. This request also includes, in addition to any wiretaps, all pen registers and evidence of mail cover. Such request includes the copies of any and all logs made by any government officers or officials involved in the case. See, 18 U.S.C. § 2500 et seq.; Alderman v. United States, 394 U.S. 165 (1969); United States v. James, 495 F.2d 434 (5th Cir. 1974);

(b)     tangible objects obtained from the Defendant's person or effects. See, e.g., United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986);

(c)     any and all documents, instruments, forms or statements of any kind authored, written or signed, or purported to have been authored, written, or signed by this defendant;

(d)     any books, papers, photographs, visual or audio recordings, documents or tangible objects the government plans to offer into evidence in this case;

(e)     any and all other books, papers, documents or tangible objects which the government

relied upon in returning the indictment against this defendant or any person the government contends acted with this defendant, the discovery of which said objects is necessary to the preparation of the defendant's defense;

(f)     any and all property in the possession of the government or its agents or seized by the government or its agents belonging or alleged by the government to belong to  the defendant or anyone alleged by the government to be an agent of the defendant;

(g)     any and all photographs, audiotapes or videotapes which the government intends to use at trial of which the government is in possession and which were taken or made during the investigation of this matter;

(h)     any and all charts, summaries, maps or other computations which the government intends to attempt to use at trial or which the government is in possession of or which were made or used during the investigation of this matter for preparation of this indictment; and

(i)     any and all search, seizure, or arrest warrants or orders permitting and/or related to electronic eavesdropping in this or any related case.

4.

Defendant requests, pursuant to Fed.R.Cr.P. 16(a)(1)(D) and (E), any and all reports of examinations and tests which are contemplated for discovery by said rule, and which are within the possession, custody or control of the government or its agents, and the existence of which is known or through the exercise of diligence may become known to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.  See United States v. Hughes,  413 F. 2d 1244, 1250 (5th Cir. 1979). See also, United States v. Barrett, 703 F.2d 1076 (9th Cir. 1983); United States v. Kelly, 420 F.2d 26

(2nd Cir. 1969); United States v. Isa, 413 F. 2d 244, 246 (7th Cir. 1969). This would include any reports or studies relating to any expert opinion intended to be utilized by the government at trial and/or sentencing. In addition, the defendant demands a written summary of any testimony the government intends to use under Fed.Rs.Evid. 702, 703, or 705 and which shall include the witnesses' opinions, the bases and reasons therefor and the witnesses' qualifications and expertise. See United Sates v. Smart, 98 F3d 1379, 1385-89 (D.C.Cir. 1996), cert. denied, 520 U.S. 1128, 117 S.Ct. 1271, 137 L.Ed.2d 349 (1997).

5.

Pursuant to Fed.R.Cr.P. 12(d)(2), this Defendant requests that the Court order the government to produce any evidence and to provide notice thereof of its intention to use said evidence which may be subject to suppression and for which the defendant must move prior to trial for suppression of said evidence under Fed.R.Cr.P. 12(b)(3). Said evidence includes statements of the defendant, contraband or personal effects or papers seized from the person of the defendant or within close proximity, audio and/or video recordings conducted pursuant to electronic eavesdropping, statements made by this defendant to any person while in custody, or as to which there would have been a reasonable and legitimate expectation of privacy, documents concerning the defendant which were obtained from third party custodians of said documents, and any other documents or other possessions which arguably would be subject to suppression, any inference of suppression to be viewed in the light most favorable to the defendant.

6.

This Defendant requests disclosure of all statements the government intends to vicariously attribute to the defendant under Fed.R.Evid. 801(d)(2)(E) and Bourjaily v. United States, 483 U.S. 71

(1987). <u>United States v. Madeoy</u>, 652 F.Supp. 371 (D.D.C. 1987). <u>But</u> <u>see</u>, <u>United States v. Roberts</u>, 811 F.2d 257 (4th Cir. 1987).

## BRADY REQUESTS

7.

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giles v. Maryland</u>, 386 U.S. 66 (1967), as well as their progeny, including but not limited to, <u>Giglio v. United States</u>, 405 U.S. 105 (1972); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>Kyles v. Whitley</u>, 514 U.S. 419, 116 S.Ct. 7, 131 L.Ed.2d 490 (1995), the accused requests any and all material known to the government or which may become known or through due diligence may be learned by the government or its investigative officers, witnesses, or persons having knowledge of this case, which is exculpatory in nature or favorable to the accused or which may lead to exculpatory or favorable material, or which might serve to mitigate punishment, including any evidence tending to impeach or contradict testimony of any government witnesses, or which could reasonably lead to admissible impeaching information.

Specifically, and without waving any constitutionally- and judicially-mandated obligation on behalf of the government to produce any information which it knows is discoverable under <u>Brady</u> and its progeny, <u>Kyles v. Whitley</u>, 514 U.S. 419, 115 S. Ct. 1555 (1995), the accused requests the following:

a)       Current rap sheets on all government witnesses and confidential informants or sources in this case, regardless of whether the latter are going to testify at trial;

b)       Any facts or allegations concerning criminal or other misconduct of a government witness that is not reflected in his or her criminal record, including any material information found in

his or her probation file or pre-sentence investigation report, or any pending criminal charge or investigation against the witness or any business entity with which he is connected. See, United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

      c)      Copies of all plea or other agreements with any government witness or other person who provided information or assistance to law enforcement in this matter. This request excludes any agreements between the government and any persons who at the time of their assistance or cooperation were regular members of any law enforcement agency;

      d)      The substance of any agreement with any witness or cooperating individual not reduced to writing, including any evidence that a government witness or informant has or has sought a financial inducement to testify or a promise of leniency in his or her own criminal dealings. Bagley v. Lumpkin, 798 F.2d 1297 (9th Cir. 1986); Moynahan v. Manson, 419 F.Supp. 1139 (D. Conn. 1976), aff'd., 559 F.2d 1204 (2nd Cir. 1977); Hughes v. Bowers, 711 F.Supp. 1574 (N.D. Ga. 1989), aff'd., 896 F.2d 559 (11th Cir. 1990);

      e)      Any incentives offered to any witness or confidential informant or source, including but not limited to favorable bond, sentencing, parole, or designation recommendations, payments or promises or expectation thereof, decline or remission of forfeiture, favorable or delayed action on immigration or deportation status, contact or conjugal visitation, or consideration for friends or relatives, including Witness Protection Program admission;

      f)      Prior statements of government witnesses or confidential informants, whether reduced to writing or taped recorded, including polygraph examinations;

      g)      As to government witnesses and confidential informants: prior testimony of witnesses or confidential informants inconsistent with other statements of those individuals or with statements

of other persons. McDowell v. Dixon, 858 F.2d 945 (4th Cir. 1988);

h)      Any information showing that the testimony of a government witness was motivated in any degree by a personal animosity or feelings of revenge toward the defendant. See, e.g., State v. Brown, 552 S.W.2d 383 (Tenn. 1977);

i)      As to government witnesses and confidential informants: any records or information which would lead to records of treatment or evaluation for mental disease, disorder, defect, or psychosis, or history of drug or alcohol abuse, treatment, or dependence, or otherwise tend to reflect adversely on that person's reliability as a witness, including but not limited to the person's motive to testify or ability to perceive, recall or understand events;

j)      Any statements, whether under oath or not, of any witness or confidential source in this matter which was false or incorrect, or which contain material inconsistencies with other statements of that same witness or others interviewed or who have provided information to the government during the course of its investigation;

k)      A complete list of all criminal offenses disclosed by any witness or cooperating individual during interviews or debriefings by the government;

l)      Any evidence that any photographic or computer-generated evidence, audio- or videotape in this case has been altered, enhanced, modified, or edited;

m)      Any rough drafts of notes, memoranda, or statements made by any government witness in this case;

n)      Any evidence that a government witness or source did not pass a polygraph test on any occasion. Carter v. Rafferty, 826 F.2d 1299 (3rd Cir. 1988);

o)      Any evidence that reflects or tends to reflect that this defendant was not involved or

was only minimally involved in the offenses charged in this indictment. See, U.S. ex rel. Smith v. Fairman, 769 F.2d 386 (7th Cir. 1985);

  p)  Any evidence that this defendant was not identified as a perpetrator of the charges in the indictment or similar charges which arguably constitute incidents admissible under Fed.R.Evid. 404(b), or which constitute a common course of conduct or common plan or scheme;

  q)  Any evidence of any person other than this accused being involved with or related to any offense which is the subject of this indictment or any evidence which the government will seek to tender under Fed.R.Evid. 404(b);

  r)  Evidence relating or pertaining to any investigation of this defendant by law enforcement in connection with law enforcement corruption, the result of which (i) disclosed that the defendant was not involved in wrongdoing; or (ii) disclosed "not enough evidence" to establish the defendant's involvement in wrongdoing.

  With regard to the discovery requested, "confidential informant" or "confidential source" shall include the common meaning of those terms, as well as persons termed "cooperating individuals", "cooperating witnesses" or "concerned citizens" by law enforcement, and those persons who have not been given official agency status as informants.

  Moreover, the information requested above applies equally to any person regarding whom the government will seek to use as a hearsay declarant, by introducing his or her statements as either not hearsay or as an exception to the hearsay rule.

  In addition, notwithstanding the Jencks Act, 18 U.S.C. § 3500, any material discoverable as Brady must be disclosed by the government to the defendant immediately. United States v. Narciso, 446 F.Supp. 252, 270 (E.D. Mich. 1976); United States v. Snell, _ F.Supp. _, 57 CrL 1566 (D. Mass.

Aug. 25, 1995).

Defendant respectfully shows the Court that all materials requested herein are within the custody, control and/or possession of the government or its agents, and that they cannot be reasonably obtained by the defense other than by compliance by the government or by Order of this Court. Further, this Defendant shows that all of the discovery requested herein is essential to the preparation of the defense, as mandated by the Fifth and Sixth Amendments to the Constitution of the United States, and is material to his defense, and for preparation for hearings on any pending pre-trial motions. Further, the discovery requested herein is not made for the purposes of delay and imposes no undue burden on the government.

WHEREFORE, Kyle Myers respectfully prays as follows:

(a)   that the Court enter an order granting all discovery requested in this motion;

(b)  that all items of discovery as the government might assert are privileged or otherwise not subject to discovery be reviewed by this Court in camera, and that any such discovery determined by the Court to be exempt therefrom be deposited with the Court for preservation in order to facilitate any necessary appellate review;

(c)   that the government's obligation to provide discovery under the applicable rules or provisions of the order requested herein be deemed continuing and in full force and effect up through and including the entry of any final judgment in this case;

(d)  that the defendant be allowed to supplement and amend the discovery requested if subsequent discovery of information provides further basis for relief;

(e)   that the defendant be permitted to file any such other motions as become necessary, based on further disclosure of other information not presently available to the defendant; and

    (f)  that the Court grant any and all other relief which it deems equitable and just under the circumstances.

    Respectfully submitted this <u>26</u> day of September 2018.

BY: _____
       PATRICK D. DEERING
       Attorney for Defendant
       Georgia Bar ID No.: 215826

Patrick D. Deering, Esq.
The Kim Firm
5755 North Point Parkway
Suite 50
Alpharetta, Georgia   30022
(678) 990-3038

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | **:CASE NUMBER:3:18-CR-49-001-CAR-CHW** |
| | : |
| **KYLE LAMAR MYERS,** | : |
| | : |
| **Defendant.** | : |

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the following persons with the above and foregoing MOTION TO CONTINUE, by electronic filing and U.S. Mail postage prepaid, to:

> U.S Attorney's Office
> Middle District of Georgia
> P.O. Box 1702
> Macon Ga. 30202-1702

This <u>26</u> day of September 2018.

BY: _____
PATRICK D. DEERING
Attorney for Defendant
Georgia Bar ID No.: 215826

Patrick D. Deering, Esq.
The Kim Firm
5755 North Point Parkway
Suite 50
Alpharetta, Georgia   30022
(678) 990-3038