
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 3:18-CR-49 (CAR) |
| v. : | |
| : | Filed at 2:17 P.M. |
| KYLE MYERS : | 3-5, 2019 |
| : | DEPUTY CLERK, U.S. DISTRICT COURT |
| Defendant. : | MIDDLE DISTRICT OF GEORGIA |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and KYLE MYERS, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

The Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. The Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the Government would have the burden of proving Defendant's guilt beyond a reasonable doubt. The Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. The Defendant understands that Defendant would be entitled to confront and to cross-examine the Government's proof, and to present witnesses and evidence in Defendant's own behalf. The Defendant understands that Defendant would have the right to testify in Defendant's

*KM*

own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Therefore, the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Four (4) of the Indictment which charges Defendant Possession of Marijuana with Intent to Distribute of Title 21 United States Code § 841 (a)(1); 841(b)(1)(D) and Title 18 United States Code§ 2. That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to a maximum term of imprisonment of five (5), a maximum fine of $500,000.00, or both, and a term of supervised release of at not more than

2

three (3) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Investigation Report and found by the Court to be the correct advisory guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a Presentence Investigation Report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigation Report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigation Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     **Waiver of Appeal Rights and Right of Collateral Attack:**  Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

(H)     Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

(I)     Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

(J)     Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(K)     Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If

4



Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(L)    The Defendant understands that the Government may have various items of biological evidence in its possession in connection with this case that could be subjected to DNA testing. Biological evidence for this purpose is defined as any sexual assault forensic examination kit and any other evidence that, in the course of the investigation and prosecution of this matter, has been detected and has been identified as semen, blood, saliva, hair, skin tissue, or some other type of biological material.

The Defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of any such biological evidence pursuant to 18 U.S.C. § 3600 in an attempt to prove Defendant's innocence. The Defendant fully understands this right to have any and all of the biological evidence in this case tested for DNA, has discussed this right with Defendant's attorney, and knowingly and voluntarily waives the right to have such DNA testing performed on the biological evidence in this case. Defendant fully understands that because Defendant is waiving this right, the biological evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

5

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. Further if at the time of sentencing there are any remaining counts, they will be dismissed.

(B) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. However, the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

### ABANDONMENT AND WAIVER OF CLAIMS AS TO FIREARMS AND SILENCERS AND CONSENT TO THEIR DESTRUCTION

In lieu of forfeiture, the Defendant, **KYLE MYERS,** freely and voluntarily agrees to abandon and relinquish all of his right, title, and interest in the following property: one (1) Advanced Armament Corp. of Georgia, Model: TI-Rant, .45 caliber silencer, Serial Number: TR453367; one (1) Kriss USA Inc. (Transformational Defense Ind.) Model: Vector SBR, .45 caliber rifle, Serial Number: 45R004437; one (1) Advanced Armament Corp., Model: Cyclone, 7.62 caliber silencer, Serial Number: C00322; one (1) Silencer Co., Model: SALVO 12, silencer, Serial Number: SAL12-FPS-1; one (1) Silencer Co., Model: SPEC WAR, 7.62 caliber silencer,

Serial Number: SW762-FPS-1; one (1) Silencer Co., Model: Harvester, silencer, Serial Number: HRV-FPS-1; one (1) Silencer Co., Model: SAKER, 7.62 caliber silencer, Serial Number: SKR762-FPS-1; one (1) Silencer Co., Model: Sparrow, 22 caliber silencer, Serial Number: SPS-FPS-1; one (1) SRM, Inc. (SRM ARMS), Model: SRM 1216, 12 gauge shotgun, Serial Number: A000652; and one (1) SRM, Inc. (SRM ARMS), Model: SRM 1216, 12 gauge shotgun, Serial Number: C000155.

(A) The Defendant is the sole owner of the seized firearms/silencers, which are in the lawful custody of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, and warrants that there are no other persons or entities having an interest in the firearms/silencers.

(B) Defendant acknowledges that as a convicted felon, Defendant has no right to possess the firearms/silencers, either actually or constructively.

(C) Defendant hereby waives and abandons all right, title, and interest in the firearms/silencers. The Defendant acknowledges that the seized property was lawfully seized, and waives, releases, and withdraws any claim that Defendant has made with respect to the firearms/silencers, and waives and releases any claim that Defendant might otherwise have made to it in the future.

(D) Defendant consents to the destruction of the firearms/silencers.

(E) Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the destruction of the firearms/silencers. Defendant's waiver include, without limitation, all common law, statutory, and constitutional claims or

7

challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, and destruction of the firearms/silencers, including any such claim for attorney fees and litigation costs.

(F)     Defendant agrees to hold the United States, the State of Georgia and all political subdivisions thereof, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, arising from and in connection with the seizure, abandonment, and destruction of the firearms/silencers.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or

in its discretion with the aid of the Presentence Investigation Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

Defendant agrees and stipulates that the Government can prove beyond a reasonable doubt the facts alleged in the Indictment.

On or about August 7, 2017, United States Postal employee Wolf received a package mailed from California to the Defendant's Kyle Myers' (Myers) address 7634 Royston Road in Carnesville, Georgia. Wolf could smell the odor of marijuana emanating from the package and called the sheriff office to report her findings. Wolf explained to the deputies Myers arrived at the post office earlier that morning seeking to retrieve the package and would return later that same morning. The deputies waited for Myers to return and retrieve the package. Myers returned at 11:00A.M. and took possession of the package. The deputies detained Myers and seized the package until a search warrant could be obtained for the package and Myers home located at 7634 Royston Road, Carnesville, Georgia.

The deputies obtained a valid search warrant for both e the package and the home and executed it in the afternoon. The package contained 16 pods of Butane Honey Oil (BHO), a concentrated form of marijuana with a waxy appearance that can be smoked when heated, usually with butane torches.

The deputies called ATF agents for assistance when they entered Myer's home and saw a large number of firearms throughout the home. During the search of the home, officers located eighty- (80) firearms and silencers along with large numbers of ammunition in various rooms of the home. Some of the firearms where located in the same rooms with butane torches, BHO residue

on plates, smoking devices for marijuana and other items commonly used in the use and distribution of marijuana.

Myers' cell phone was seized and searched pursuant to a valid search warrant. Review of text messages and emails showed Myers distributed marijuana and BHO to others. The BHO was consumed by Myers and others at his home among other places.

The marijuana (BHO) pods were sent to a criminal laboratory and tested positive for marijuana with a net weight of 17 grams.

The parties stipulate that a firearm enhancements under U.S.S.G Section 2D 1.1 (b)(1) and (12) are warranted and an enhancement for role in the offense under U.S.S.G. Section 3B1.1 is not warranted.

(9)

### ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 5 day of March, 2019.

CHARLES E. PEELER
UNITED STATES ATTORNEY
BY: _____
TAMARA A. JARRETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 389629

10

I, KYLE MYERS, have read this agreement and had this agreement read to me by my attorney, Patrick Deering. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*Kyle Myers*
KYLE MYERS
DEFENDANT

I, Patrick Deering, attorney for Defendant, KYLE MYERS, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

PATRICK DEERING
ATTORNEY FOR DEFENDANT